THE PEOPLE OF THE STATE OF NEW YORK ex rel. BYRANT W. DINSMORE, Relator, *v.* THOMAS F. GILROY, Mayor of the City of New York, and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Respondents.

*Claim for newspaper advertising against a municipality — the publications must have been contracted for in accordance with the statutes regulating the same.*

If the advertising and publishing of official notices and proceedings in a newspaper for a municipal corporation is not contracted for in accordance with the statutes then in existence, regulating the manner of contracting for the advertising and publishing of official notices and proceedings, the proprietors of such newspaper have no legal claim against the municipality for such advertising.

CERTIORARI issued out of the Supreme Court and attested on the 20th day of September, 1894, directed to the Board of Estimate and Apportionment of the city of New York, commanding them to certify and return to the office of the clerk of the county of New York all their acts and proceedings in relation to the claim of the relator made under chapter 291 of the Laws of 1891.

*Roger Foster,* for the relator.

*William H. Clark, Charles Donohue* and *Theodore Connoly,* for the respondents.

FOLLETT, J. :

On the appeal from the order refusing a peremptory writ of mandamus we have held that chapter 568, Laws of 1888, as amended by chapter 291, Laws of 1891, is not mandatory, and that the board of estimate and apportionment is not required to audit, allow and pay the relator's claim without regard to its validity, but that under the statute the board has authority to determine whether the claim

is valid. The undisputed evidence is that the advertising for which payment is sought was not ordered by the mayor and comptroller, but by the mayor alone. For this reason this court held, in an action brought by the relator's firm against the city for the recovery of this claim, that it was illegal and not enforcible, which judgment has not been appealed from, but remains in full force. The advertising was done when chapter 854, Laws of 1868, chapter 875, Laws of 1869, chapter 383, Laws of 1870, and chapter 574, Laws of 1871, were in force and regulated the manner of advertising and publishing official notices and proceedings. It is not contended that the advertising was ordered and performed in compliance with these statutes, and it is plain that the relator has no legal claim against the city for the work which has been done. The statutes referred to are set forth in the opinion on the appeal from the order refusing a peremptory mandamus, and an extended reference to them in this opinion is quite unnecessary. We have also held in the case referred to that chapter 568, Laws of 1888, as amended by chapter 291, Laws of 1891, does not create a liability on the part of the city to pay the claim, or any part thereof. It follows that the determination of the board of estimate and apportionment should be affirmed, with fifty dollars costs and disbursements.

Van Brunt, P. J., and Parker, J., concurred.

Proceedings affirmed, with fifty dollars costs and disbursements.